UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL JOHNSON,

    Plaintiff,

v.                                            Case No: 5:19-cv-00164-KKM-PRL

VIRGINIA MESA, R. FLOWERS,
W. NOEL, MICHELLE SCHOUEST,
and T. BOWEN,

    Defendants.
_____

## ORDER

Plaintiff Earl Johnson, a state inmate proceeding *pro se*, initiated this case by filing a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 1). These claims stem from a disagreement between the Plaintiff and Defendants over the proper course of medical treatment for gout pain in the Plaintiff's knee. (Doc. 1). Plaintiff also moved to proceed with his claim *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (Doc. 2). This Court granted Plaintiff's motion to proceed IFP, (Doc. 7), which allowed this case to move forward without the prepayment of the entire filing fee.

The case is due to be dismissed because, on further review, Plaintiff is prohibited from proceeding IFP under 28 U.S.C. § 1915(g). Commonly referred to as the "Three Strikes Rule," § 1915(g) states:

> (g) In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Despite omitting this information from his operative complaint, Plaintiff has filed and had dismissed at least three such civil actions.[1] He is therefore barred from proceeding IFP. Plaintiffs who are ineligible under § 1915(g) are required to pay the full filing fee at the time the suit is initiated, and any failure to do so warrants dismissal without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[W]e conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Nor can a plaintiff remedy the situation

---

[1] On the prisoner form "Complaint for Violation of Civil Rights," Plaintiff marked "no" for having had previous lawsuits dismissed based on the Three Strikes Rule. *See* (Doc. 8, pg. 9). In response to whether he had "filed other lawsuits in state or federal court otherwise relating to the conditions of [his] confinement," he also indicated "no." *Id.* at 10. But those representations do not fully capture his past filing history. *See Johnson v. Williams*, Case No. 1:12-cv-20578-UU (S.D. Fla. 2012) (dismissed for failure to state a claim upon which relief can be granted); *Johnson v. Dept. of Corrections, et. al.*, Case No. 2:03-cv-14240-DMM (S.D. Fla 2003) (same); *Johnson v. Thomas*, Case No. 5:01-cv-00306-WTH (M.D. Fla. 2002) (same). It should also be noted that Plaintiff does not deny these past claims when responding to the Three Strikes argument. (Doc. 43, p. 1–2).

by paying the fee at a later stage of the litigation. *See id.* ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

In response to Defendants' motions to dismiss, Plaintiff offers two arguments as to why he is not barred by § 1915(g), both of which are unavailing. First, Plaintiff claims he falls within the exception for "imminent danger of serious physical injury." (Doc. 43, p. 2). The relevant inquiry here is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Although Plaintiff describes his knee pain as "excruciating" and continuing to "get worse" due to his gout medication being cut in half, (Doc. 8, p. 6, 8), he does not allege specific facts from which a reasonable inference can be drawn that he is under imminent danger of serious physical injury. Nor does he allege that cutting his gout medication in half will lead to rapid deterioration of his knee condition that would cause serious physical injury. Alleging pain alone is simply insufficient to pass through this exception. *Compare Brown,* 387 F.3d at 1350 (finding allegations of a total withdrawal of HIV and hepatitis medication that led to "prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains" alongside the increased chance of "opportunistic infections" that "would cause him to die sooner" constituted imminent danger of serious physical injury), *and Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017) (finding allegations of a complete lack of treatment for

3

hepatitis C and the resulting onset of cirrhosis constituted imminent danger of serious physical injury), *and O'Connor v. Backman*, 743 F. App'x. 373, 376 (11th Cir. 2018) (unpublished) (finding allegations of a lack of treatment for gallstones, which "could lead to an infection of his gallbladder, the eruption of which, like appendicitis, could be fatal" constituted imminent danger of serious physical harm), *with O'Connor v. Sec., Fla. Dept. of Corres.*, 732 F. App'x. 768, 769–71 (11th Cir. 2018) (unpublished) (finding allegations of worsening "acid reflux, heartburns, regurgitation, pains, etc." did not constitute serious physical injury), *and Dickson v. U.S.*, 5:16cv215/MP/CJK, 2016 WL 6078330, at *2 (N.D. Fla. Aug. 8, 2016) (finding allegations of chronic knee pain due to osteoarthritis and bone spurs, alongside denial of a request for a double knee replacement, did not constitute imminent danger of serious physical injury), *report and recommendation adopted*, 2016 WL 6070074 (N.D. Fla. Oct. 14, 2016).

Moreover, Plaintiff admits that he was receiving ongoing medical treatment for his knee pain—including "[n]on-Aspirin" pain killers, hot towels, and an X-Ray. (Doc. 8, p. 5). While Plaintiff may disagree with this course of treatment, the Eleventh Circuit has found ongoing medical attention weakens a claim of imminent danger of serious physical injury. *Compare Skillern v. Ga. Dept. of Corrs.*, 191 F. App'x. 847, 852 (11th Cir. 2006) (unpublished) (holding Plaintiff's argument was "belied" by subsequent medical treatments), *with Brown*, 387 F.3d at 1350 (finding Plaintiff properly alleged imminent danger of serious physical injury when there was a "complete withdrawal of treatment"). Given Plaintiff's ongoing medical attention and

4

treatment, this Court does not find his claims, even liberally construed, sufficient to warrant the exception found in § 1915(g).

Plaintiff's second argument against dismissal is that his past lawsuits occurred while he was previously incarcerated and thus that the Three Strikes Rule should reset for his current prison sentence. (Doc. 43, p. 1–2). This argument is inconsistent with the plain language of § 1915(g), which applies to any "prisoner" who "while incarcerated or detained in any facility" earns three strikes. It nowhere mentions individual sentences or lawsuits related to a single criminal judgment. Rather, the Three Strikes Rule furthers "the government's legitimate interests in deterring meritless claims and conserving judicial resources." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

This case is **DISMISSED WITHOUT PREJUDICE**. The motions to dismiss and the motion to strike are **DENIED AS MOOT**. (Doc. 38, 40, & 43). The Clerk is directed to **VACATE** the order granting Plaintiff the right to proceed IFP, (Doc. 7), to enter judgment, and to close the case. The Clerk shall send a copy of the order to the Supervisor of Inmate Trust Accounts at the Plaintiff's current place of incarceration.

**ORDERED** in Tampa, Florida, on February 11, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge